

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

THERON HUNTER,

        PLAINTIFF,

V.

SERGEANT CUNNINGHAM,

C/O GASKILL,

C/O FELVER,

C/O VANDERHEUVEL,

        DEFENDANTS,

CASE NO

HON.

MAG.

Case: 2:24-cv-10989
Judge: Berg, Terrence G.
MJ: Grand, David R.
Filed: 04-15-2024 At 08:04 AM
CMP HUNTER V CUNNINGHAM, ET AL (tt)

---

## JURY TRIAL DEMAND

NOW COMES, Theron Hunter, Plaintiff, and for his Complaint states the following:

I. COMPLAINT

1.This is Theron Hunter's 1983 civil suit seeking punitive and compensatory damages. Plaintiff avers that while confined at Bellamy Creek Correctional Facility (IBC), Defendants Sergeant Cunningham and C/O Gaskill, corrections officers in charge of the Plaintiff's care and well being, became deliberately indifferent to Plaintiff's health and safety when in spite of the

INCONSISTENT PAGE NUMBERS    2

executive orders, MDOC procedures, rules, policies, and Covid-19 protocols that they both were fully abreast of failed to protect the Plaintiff by intentionally placing a prisoner in Plaintiff's cell who recently had been released from Covid quarantine instead of placing him in a step down unit per protocol etc., which there was bed space available. Which was the direct and proximate cause of Plaintiff being infected with Covid-19 and testing positive the next day. All which was done against the Plaintiff's objection/grievance. Where both defendant's then retaliated against Plaintiff and charged him with misconduct unjustly and placed him in the hole. Defendants Cunningham and Gaskill's disregard and negligence is a direct violation of the cruel and unusual punishment clause of the Eighth Amendment of the Constitution of the United States.

2. Defendant's Sergeant Cunningham and C/O Gaskill's actions in intentionally disregarding the Governor Gretchen Whitmer's executive orders, MDOC procedures rules and policies, and Covid-19 protocols resulted in Plaintiff suffering irreparable harm from contracting Covid-19 against the Plaintiff's own objections. This resulted in Plaintiff suffering anxiety, psychological distress, chest pains and other pecuniary losses not yet ascertained.

3. Plaintiff avers that while confined at Bellamy Creek Correctional Facility (IBC), Defendant's C/O Felver and C/O Vanderheuval, correction officers in charge of the Plaintiff's care and well being, became deliberately indifferent to Plaintiff's right to due process & access to the courts. In spite of the MDOC policy to the right to access of the courts they refused to take the Plaintiff to court to defend himself against a upgraded misconduct ticket that was issued to the Plaintiff in retaliation for objecting to being placed in cruel conditions. Which placed Plaintiff into segregation. Defendants C/O Felver and C/O Vanderheuval's disregard and negligence is a direct violation of the right to access of the courts clause of the First Amendment and the due process clause of the Fourteenth Amendment of the Constitution of the United States.

4. Defendants C/O Felver and C/O Vanderheuval's actions in intentionally disregarding the MDOC policy and procedures that they were accustomed to regularly following resulted in the Plaintiff being found guilty of a Class 1 misconduct and being sanctioned unreasonably against his ability to defend himself.

5. Plaintiff maintains that the deprivations of his constitutional rights were carried out by Sergeant Cunningham, C/O Gaskill, C/O Felver, and C/O

4

Vanderheuval knowingly and caused the Plaintiff to be deprived of his constitutional rights.

## II. JURISDICTION AND VENUE

6. This action arises and is brought pursuant to 42 USC 1983, to remedy the deprivations under color of state law of rights guaranteed by the First, Eighth, and Fourteenth Amendments of the United States Constitution. This court has jurisdiction over this action pursuant to 28 USC 1331 (1) and 1343.

7. This cause of action arose in the Western District of Michigan, but the Plaintiff currently resides in the Eastern District of Michigan therefore, venue is proper under 28 USC 1367.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff maintains that all available remedies has been exhausted as it relates to all claims raised herein.

## IV. PREVIOUS LAWSUITS

9. Theron Hunter v. Washtenaw County Sheriff Jail et al., Case No. 2:20-cv-10534, United States District Court for The Eastern District of Michigan.

## V. THE PARTIES

5

10. Plaintiff Theron Hunter is and was at all relevant times mentioned herein an adult citizen of the United States, a resident of the State of Michigan, and is currently a resident of Ann Arbor, MI 48105.

11.Defendant Sergeant Cunningham is sued in his individual capacity as a correction officer stationed at Bellamy Creek Correctional Facility. Defendant is and was at all relevant times mentioned herein an adult citizen of the United States and a resident of the State of Michigan. On information and belief, Defendant Sergeant Cunningham was endowed with the responsibility concerning the overall care of prisoners within the custody of the Bellamy Creek Correctional Facility, i.e., as well the comprehensive management of operations within the facility and units, i.e., Defendant can be located at Bellamy Creek Correctional on information and belief.

12. Defendant C/O Gaskill is sued in his individual capacity as a correction officer stationed at Bellamy Creek Correctional Facility. Defendant is and was at all relevant times mentioned herein an adult citizen of the United States and a resident of the State of Michigan. On information and belief, Defendant Sergeant Cunningham was endowed with the responsibility concerning the overall care of prisoners within the custody of the Bellamy Creek Correctional Facility, and head unit officer at all relevant times of the

6

events herein this Complaint. Defendant can be located at Bellamy Creek Correctional on information and belief.

13. Defendant C/O Felver is sued in his individual capacity as a correction officer stationed at Bellamy Creek Correctional Facility. Defendant is and was at all relevant times mentioned herein an adult citizen of the United States and a resident of the State of Michigan. On information and belief, Defendant Sergeant Cunningham was endowed with the responsibility concerning the overall care of prisoners within the custody of the Bellamy Creek Correctional Facility. Defendant can be located at Bellamy Creek Correctional on information and belief.

14.Defendant C/O Vanderheuval is sued in his individual capacity as a correction officer stationed at Bellamy Creek Correctional Facility. Defendant is and was at all relevant times mentioned herein an adult citizen of the United States and a resident of the State of Michigan. On information and belief, Defendant Sergeant Cunningham was endowed with the responsibility concerning the overall care of prisoners within the custody of the Bellamy Creek Correctional Facility, and regular unit officer of segregation at all relevant times during the events herein this Complaint.. Defendant can be located at Bellamy Creek Correctional on information and belief.

VI. STATEMENT OF FACTS

15. Prior to the events that took place herein this Complaint C/O Gaskill
was the acting Law Librarian at Bellamy Creek Correctional Facility before
the law library was suspended due to an influx of Covid-19 infections in
MDOC and shared with the Plaintiff the Executive Orders issued by
Governor Gretchen Whitmer, as well the Directors Memorandums issued
by Heidi Washington MDOC Director that pertained to Covid-19 and prison
operations in addition to the protocols that were to be followed by MDOC
facilities and employees. All of which he knowingly violated with Sergeant
Cunningham who had also been briefed on.

16. On 11-09-2020 at 9:00 p.m. while sitting in Plaintiff's cell a prisoner
keyed himself in. Plaintiff introduced himself to him and inquired where he
had just come from as he was unfamiliar to me as my unit was under
quarantine like the rest of the facility due to Covid-19. Plaintiff's unit at this
point had remained Covid free. He explained to Plaintiff that he had just
recently been released from a Covid-19 quarantine. Plaintiff explained to
him that he should have been taken to the step down unit next door which
had been designated as such. This prisoner looked sick to the Plaintiff as
his nose was running like a faucet. The Supreme Court has held that a
prison official can be found reckless or deliberately indifferent if "the official

knows of and disregards an excessive risk to inmate health and safety…."

Farmer v. Brennan, 511 u.s. 825, 837, 114 s. Ct. 1970 (1994)

17. At 9:25 Plaintiff approached C/O Gaskill and verbalized his grievance with being housed with a prisoner who has just been released from quarantine and explained that C/O Gaskill knows that it is against protocol etc., to place prisoners into the general population that have recently been released from Covid-19 quarantine. That they are supposed to place them next door in the step down unit which has open beds. Plaintiff objected to this arrangement as it was unsafe to his health and safety. Plaintiff asked to speak with a Sergeant to express his grievance as C/O Gaskill said that the Plaintiff had to lock with this individual. C/O Gaskill in retaliation then told the Plaintiff to place his hands behind his back. C/O Gaskill said that Plaintiff had violated a direct order from him to lock with the prisoner placed in his room which is a class 2 misconduct. Moreover it is against policy for a staff member to ask a prisoner to do something that is harmful to his health and safety. Plaintiff was then taken to segregation. A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is,

the adverse action was motivated at least in part by the plaintiff's protected

conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)(en banc).

18. Shortly after Plaintiff was placed in segregation where Sergeant

Cunningham came and reviewed the Plaintiff on the misconduct that C/O

Gaskill had written and upgraded it to a Class 1 misconduct in further

retaliation as there were no extenuating circumstances that warranted it.

Even after Plaintiff explained what had happened where he knew that C/O

Gaskill had retaliated against him which policy states is against policy.

Which then left the Plaintiff in the hole as class 1 misconducts do not have

a bond.

19. On 11-10-2020 during Covid testing the Plaintiff then tested positive for

Covid-19 causing the Plaintiff irreparable harm as a direct result of C/O

Gaskill and Sergeant Cunningham's actions.

20. On 11-13-2020 C/O Felver came to the segregation cell that Plaintiff

was being housed in and asked the Plaintiff if he wanted to go to court.

Plaintiff then responded yes. C/O Felver then came back to the Plaintiff's

cell a good while longer and asked the Plaintiff if he was ready to go to

court to which the Plaintiff responded yes. He walked away and then

opened up the cell next to the Plaintiff's or the one next to that one and

took them to court. Plaintiff patiently waited for C/O Felver to come back

10

and heard him taking other prisoners to court. The next time C/O Felver came past the Plaintiff's cell the Plaintiff asked him when he was going to court. C/O Felver responded to the Plaintiff that he was going on Monday because he refused. The Plaintiff asserted to him that he hadn't refused with no avail. Walker v. Hughes, 558 F.2d 1247, 1260 (6th Cir. 1977)(due process requires that prison officials " provide an inmate an opportunity to make a statement on his own behalf").

21. C/O Vanderheuval was present off to the side during these interactions and never stepped in while this was going on as they both work together in sync to take prisoners to court.

22. The whole time that these interactions took place C/O Felver and Vanderheuval never had on the brown smocks or face shields which were required to take prisoners out of their cells who were positive with Covid-19. Which indicates that they never intended to take Plaintiff to court.

23. Both C/O Felver and Vanderheuval at no time ever indicated that they did not remove Plaintiff due to him being positive for Covid-19. C/O Felver untruthfully indicated to investigators quite the opposite that he gave Plaintiff an opportunity to go to court.

VII. CLAIMS FOR RELIEF

11

24. Plaintiff incorporates by reference Paragraph's 1-23 as it's fully stated herein.

Claim1. Deliberate Indifference

Claim2. Retaliation

Claim3. Denial of Access to the Courts.

25. By virtue of the forgoing, Defendant Sergeant Cunningham became deliberately indifferent to Plaintiff's health and safety when he failed to follow MDOC protocols, rules, policies and procedures along with CDC guidelines and the Governors executive orders in the handling of the events stated herein this Complaint. Resulting in Plaintiff becoming infected with Covid-19 causing irreparable harm in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution.

26. By virtue of the forgoing, Defendant C/O Gaskill became deliberately indifferent to Plaintiff's health and safety when he failed to follow MDOC protocols, rules, policies and procedures along with CDC guidelines and the Governors executive orders in the handling of the events stated herein this Complaint. Resulting in Plaintiff becoming infected with Covid-19 causing irreparable harm in violation of the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution.

27. By virtue of the forgoing Defendant C/O Felver denied the Plaintiff due process and access of the courts in violation of the First and Fourteenth Amendments of the United States.

28. By virtue of the forgoing Defendant C/O Vanderheuval denied the Plaintiff due process and access of the courts in violation of the First and Fourteenth Amendments of the United States.

VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff humbly requests the following relief:

A. Award the Plaintiff punitive damages in the amount of $10,000 against each Defendant.

B. Award the Plaintiff compensatory damages in the amount of $20,000 against each Defendant.

C. Order any other relief the Court deems just and in the interest of justice.

<u>VERIFICATION OF COMPLAINT</u>

I, Theron Hunter, Declare and State Under Penalty of Perjury , That Everything Stated Herein This Complaint Is True and Correct Pursuant to 28 USC 1746.

Executed On: April 13, 2024                    Respectfully submitted,

13

Theron Hunter

1005 Barton Drive

Ann Arbor, MI 48105

(734)395-1263

hunchpro1@outlook.com

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☑ No
      If yes, give the following information:

      Court: _____

      Case No.: _____

      Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other     ☐ Yes
            court, including state court? (Companion cases are matters in which ☑ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

      If yes, give the following information:

      Court: _____

      Case No.: _____

      Judge: _____


Notes :

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Theron Hunter

## DEFENDANTS
Sergeant Cunningham, C/O Gaskill, C/O Felver, C/O Vanderheuval

**(b)** County of Residence of First Listed Plaintiff    Washtenaw
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se, 1005 Barton Drive, Ann Arbor, MI 48105, 734-395-1263

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** [ ] 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** [ ] 370 Other Fraud | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | **IMMIGRATION** [ ] 462 Naturalization Application | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

**PROPERTY RIGHTS**
(see table above)

**SOCIAL SECURITY**
[ ] 861 HIA (1395ff)
[ ] 862 Black Lung (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID Title XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 Taxes (U.S. Plaintiff or Defendant)
[ ] 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 usc 1983
Brief description of cause:
Violatons under color of state law under 1st, 8th, and 14th Amendments

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
April 15, 2024

SIGNATURE OF ATTORNEY OF RECORD   *Signature of Pro Se Plaintiff*
*Pro Se*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____